IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

* * * * * * * * *

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 2:03-CR-00169 BSJ |
| Plaintiff, ) | |
| ) | **MEMORANDUM OPINION** |
| vs. ) | **& ORDER** |
| ) | |
| MY XUAN MAN, ) | |
| ) | **FILED** |
| Defendant. ) | CLERK, U.S. DISTRICT COURT |
| ) | June 6, 2008 (10:14am) |
| ) | DISTRICT OF UTAH |

* * * * * * * * *

This matter is before the court on defendant My Xuan Man's motion to reduce his sentence in accordance with 18 U.S.C. § 3582(c). (Revised Petition And Motion Under 18 USC § 3582(c) : (2) To Modify Term Of Imprisonment, filed Mar. 24, 2008 (dkt. no. 83).)

**I.    BACKGROUND**

On August 21, 2003, Man pleaded guilty to "Possession of Cocaine Base with Intent to Distribute: a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)" pursuant to a written plea agreement. (Statement By Defendant In Advance Of Plea Of Guilty (dkt. no. 54).) At the time that Man was originally sentenced, the court determined that based on Man's criminal history category of II and total offense level of 28,[1] the sentencing guideline range applicable to Man was 87 to 108 months of imprisonment. (Minute Entry, dated November 12, 2003 (dkt. no. 69).)

---

[1] Because the base offense level for Possession of Cocaine with Intent to Distribute is determined by the type and quantity of the substance, and because Man's offense involved at least twenty grams but less than thirty-five grams of cocaine base (otherwise known as "crack" cocaine), the base offense level applicable to Man was 28. While a three-level enhancement was added under USSG § 2J1.7, Man's offense level was adjusted downward by three levels due to his acceptance of responsibility. Accordingly, Man's adjusted offense level was 28.

On November 12, 2003, the court committed Man to the custody of the United States Bureau of Prisons and sentenced Man to eighty-seven months in federal prison, followed by sixty months of supervised release. (*Id.*; Judgment (dkt. no. 70).)

## II.    ANALYSIS

Man asks the court to modify his term of imprisonment under 18 U.S.C. § 3582(c) pursuant to the recent amendments to the United States Sentencing Guidelines on offenses involving crack cocaine.

In relevant part, 18 U.S.C. § 3582(c) provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). On November 1, 2007, the United States Sentencing Commission issued Amendment 706, as amended by Amendment 711, to Section 2D1.1 of the United States Sentencing Guidelines. United States Sentencing Commission, *Guidelines Manual*, Supp. to App. C, Amendments 706 and 711 (Nov. 1, 2007). Amendment 706 generally reduces by two levels the base offense levels that are applicable to crack cocaine offenses. *Id.* at Supp. to App. C, Amendment 706; *id.* at § 2D1.1(c) (Nov. 1, 2007). The Sentencing Commission also "promulgated an amendment to Policy Statement § 1B1.10 (Reduction in Term of Imprisonment as a Result of Amended Guideline range) clarifying when, and to what extent, a sentencing reduction is considered consistent with the policy statement and therefore authorized under 18 U.S.C. 3582(c)(2)." United States Sentencing Commission, *Guidelines Manual* (Supp. Mar. 3,

2008). The Commission also "promulgated an amendment to policy statement § 1B1.10 that designates Amendment 706, as amended by Amendment 711, (pertaining to crack cocaine offenses) as an amendment that may be applied retroactively." *Id.* These amendments to § 1B1.10 became effective on March 3, 2008. *Id.*

> Pursuant to § 1B1.10's amended policy statement,
>
> [i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

*Id.* at § 1B1.10(a)(1). Because Amendment 706 is listed in § 1B1.10(c), the court may rely on Amendment 706 to reduce Man's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). In determining whether, and to what extent, a reduction in Man's term of imprisonment is warranted under § 1B1.10 and 18 U.S.C. § 3582(c)(2),

> the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) [of § 1B1.10] had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

*Id.* at § 1B1.10(b)(1).

In relation to Man's motion, the court has received and considered a memorandum prepared by the United States Probation Office for the District of Utah that addresses Man's eligibility for a sentence reduction under 18 U.S.C. § 3582(c)(2). The court has also reviewed the additional documents that the United States Probation Office provided the court in support of

its memorandum, including but not limited to the "Presentence Report Upon Crack Cocaine Amendment (U.S.S.G. § 1B1.10)," to which the United States makes no objection. (*See* Government's Position with Respect to Sentencing Factors for 2007 Crack Cocaine Amendment (dkt. no. 84).) In addition, in considering whether a reduction in Man's term of imprisonment is warranted, and if so, the extent of such reduction, the court has carefully considered Man's file, the factors set forth in 18 U.S.C. § 3553(a), the nature and seriousness of the danger to any person or the community that may be posed by a reduction in Man's term of imprisonment, and Man's post-sentencing conduct. *See* United States Sentencing Commission, *Guidelines Manual* (Supp. Mar. 3, 2008), § 1B1.10, comment. (n. 1(B)(i)-(iii)). Based on the foregoing considerations, the court determines that it is appropriate in this case to reduce Man's sentence.

When Man was originally sentenced to eighty-seven months of imprisonment, the court determined that Man's adjusted offense level was 28, his criminal history category was II, and the applicable sentencing guideline range was 87 to 108 months. Applying Amendment 706 and substituting the amended Drug Quantity Table set forth in USSG § 2D1.1(c) for the corresponding guideline provisions that the court applied when Man was originally sentenced results in a new adjusted offense level of 26, a criminal history category of II, and a sentencing guideline range of seventy to eighty-seven months of imprisonment. Accordingly,

**IT IS ORDERED** that Man's motion (dkt. no. 83) is GRANTED to the extent that pursuant to 18 U.S.C. § 3582(c)(2), Man's previously imposed term of imprisonment in this case is reduced from eighty-seven months to seventy months. This Order is subject to § 1B1.10(b)(2)(C)'s prohibition that "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served."

**IT IS FURTHER ORDERED** that apart from the reduction to Man's term of imprisonment set forth above, all of the other terms and conditions imposed on Man when he was sentenced on November 12, 2003, remain the same.

DATED this \_\_\_\_ day of June, 2008.

BY THE COURT:

---

Bruce S. Jenkins
United States Senior District Judge

**IT IS FURTHER ORDERED** that apart from the reduction to Man's term of imprisonment set forth above, all of the other terms and conditions imposed on Man when he was sentenced on November 12, 2003, remain the same.

DATED this __6TH__ day of June, 2008.

BY THE COURT:

_____
Bruce S. Jenkins
United States Senior District Judge